UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JACKSON SNELL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-01681-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 17). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

Plaintiff argues the following issue: "The ALJ erred by discounting the opinion from PA Brown without proper evaluation as required by the regulations." (ECF No. 17, p. 1).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

\\\

\\\

1

**I.     ANALYSIS**

  **A.     Standards of Review**

Plaintiff argues that the ALJ improperly discounted the opinion of PA Brown without proper evaluation as required by the pertinent regulations. (ECF No. 17, p. 6).

The parties agree that this claim is governed by the agency's "new" regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017.[1] 20 C.F.R. §§ 404.1520c, 416.920c; (ECF No. 17, p. 6; ECF No. 20, pp. 7-8). The regulations set "supportability" and "consistency" as "the most important factors" when determining the opinions' persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And although the regulations eliminate the "physician hierarchy," and deference to specific medical opinions, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b).

However, the parties disagree as to whether these new regulations displace prior case law that gave deference to certain medical opinions and that addressed the specificity by which an ALJ was required to articulate his or her reasoning. The case authority preceding the new regulations required an ALJ to provide clear and convincing or specific and legitimate reasons for rejecting certain medical opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (internal citations omitted)) ("To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."). Plaintiff argues that these standards still govern; Defendant argues that they have been displaced. (*See* ECF No. 17, p. 7; ECF No. 20, p. 8).

---

[1] Plaintiff applied for disability benefits in November 2018. (A.R. 10, 194).

Since the filing of Plaintiff's opening brief [2] in this matter, the Ninth Circuit has decided the issue:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Accordingly, under the new regulations, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787. "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*

In conjunction with this requirement, "[t]he agency must 'articulate . . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

> Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence. *Id.* § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim. *Id.* § 404.1520c(c)(2).

*Id.* at 791-92.[3]

---

[2] Plaintiff filed his opening brief on March 8, 2022; *Woods* was issued on April 22, 2022. Plaintiff's reply, filed on June 21, 2022, cites *Woods*, but does not specifically address *Woods*'s resolution of this issue. (ECF No. 21, p. 2).

[3] As the Ninth Circuit also noted, "The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion. *See id.* § 404.1520c(c)(3). Thus, an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or

1    Accordingly, the Court will review Plaintiff's argument under the above standards.

2    **B.    Analysis**

3    Turning to the merits, PA Brown prepared four reports regarding Plaintiff's limitations: (1) a Mental Residual Functional Capacity Questionnaire (A.R. 374-76); (2) a second Mental Residual Functional Capacity Questionnaire (A.R. 377-79); (3) a Stroke Medical Source Statement (A.R. 380-84); and (4) a Physical Medical Source Statement (A.R. 385-388). Plaintiff focuses his argument on the ALJ's discounting of the opinions offered in the Physical Medical Source Statement. (ECF No. 17, pp. 8-10). PA Brown opined, among other things, that Plaintiff can walk two blocks without rest or severe pain; Plaintiff could sit and stand for at least six hours each in an eight-hour workday; Plaintiff would need a job that permits shifting positions at will from sitting, standing, or walking; Plaintiff would need unscheduled rest breaks after four hours due to chronic fatigue and then would need to rest for four hours before returning to work; Plaintiff would be off task twenty-five percent or more of the time due to his symptoms, and he is incapable of even low stress work. (A.R. 386-87).

Regarding PA Brown's opinions offered in the four reports, the ALJ stated as follows:

> Exhibits 7F, 8F, 9F, and 10F are opinions about the claimant's physical and mental work limitations. The signatures on these opinions are illegible, but it appears that treating physician assistant Stanton Brown issued these opinions. The undersigned finds these opinions to be unpersuasive as they are not explained, nor are they internally consistent. For example, he issued opinions that the claimant had mild to moderate mental limitations, and then later in the month opined that the claimant had none to mild limitations, other than a moderate limitation in understanding and remembering very short and simple instructions (but directly below that, he indicated that the claimant had no problem understanding and remembering detailed instructions) (7F; 8F). Furthermore, these opinions are not consistent with the treatment records, which show that the claimant's neurological evaluation was unremarkable and his physical examinations generally showed intact motor,

---

ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* § 404.1520c(c)(3)(i)–(v). However, the ALJ no longer needs to make specific findings regarding these relationship factors." *Woods*, 32 F.4th at 792 (citing § 404.1520c(b)(2)). "A discussion of relationship factors may be appropriate when 'two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same.' *Id.* § 404.1520c(b)(3). In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Id.* Here, there is no argument that AP Brown's opinion was found to be equally well-supported and consistent with the record as another but not exactly the same.

> sensation, strength, and gait (3F/6, 11, 15; 5F/11, 13; 11F; 14F/5, 11; 15F/96, 99-100, 103). They are also not consistent with the results of the consultative examination, in which the claimant tested in the average range of intelligence, had appropriate hygiene and grooming, was friendly and cooperative, and exhibited adequate memory and concentration (4F/4-6).
>
> Furthermore, the health care provider in 9F appears to support the proposition that the claimant is capable of working at medium exertional work for a full eight-hour workday but then contradictorily adds, sans any supporting rationale, that the claimant would be off-task an average of twenty-five percent of day. Such reasoning is not persuasive. The opinion at 8F/1 is equally mystifying: for ten percent of the day the claimant would be incapable of simple and routine work, but is fully capable of complex work. Again, unpersuasive.

(A.R. 19).[4]

The first reason given to find PA Brown's opinions unpersuasive is because they were unexplained. This reasoning invokes the supportability factor, which considers the relevant objective medical evidence and supporting explanations for a medical source opinion. Looking to the Physical Medical Source Statement, PA Brown's opinions are offered in checklist form, absent explanation or clinical findings as to what evidence supports each opinion. (A.R. 385-88). Notably, the Ninth Circuit has concluded that an ALJ may discount such unsupported opinions. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (finding that a checklist report was brief and conclusionary did not provide support for limitations assessed in the absence of objective medical evidence in the physician's treatment notes); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) ("The ALJ, however, permissibly rejected [evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions.").

While Plaintiff argues that treatment notes documenting "symptoms of memory loss, weakness and fatigue, and low energy" support PA Brown's opinions, Plaintiff's citations to the record do not render the ALJ's conclusion unsupported by substantial evidence. (ECF No. 17, p. 9) (citing A.R. 310 322, 329, 334, 413, 425-26, 576). For example, while some records report that Plaintiff states that he is "weak" (A.R. 329) and his "energy level[s] [are] down" (A.R. 413), none

---

[4] The ALJ discussed PA Brown's opinions in two sections of the opinion. (A.R. 17, 19). While the discussions are mostly identical, the Court quotes from the slightly longer discussion. (A.R. 19).

1 of these records support PA Brown's limitation that Plaintiff needed unscheduled rest breaks after
2 four hours due to chronic fatigue and then would need to rest for four hours before returning to
3 work (A.R. 386). Moreover, to the degree that these records do support PA Brown's, Plaintiff's
4 argument amounts to another rational interpretation of the evidence, which is not sufficient to
5 conclude that the ALJ erred. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to
6 more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's
7 conclusion must be upheld.").

8 The next reason given to find PA Brown's opinions unpersuasive is because they were
9 internally inconsistent and inconsistent with the other evidence. This reasoning invokes the
10 consistency factor, which considers whether a medical opinion is consistent with other evidence
11 from medical and nonmedical sources. As for internal inconsistency, the ALJ cited the two
12 Mental Residual Functional Capacity Questionnaires, with one stating that Plaintiff "had mild to
13 moderate mental limitations, and then [the second] later in the month[,] opin[ing] that [Plaintiff]
14 had none to mild limitations, other than a moderate limitation in understanding and remembering
15 very short and simple instructions (but directly below that, he indicated that [Plaintiff] had no
16 problem understanding and remembering detailed instructions)." (A.R. 19, citing A.R. 374-79).

17 Moreover, addressing the Stroke Medical Source Statement, the ALJ pointed out that this
18 record "appears to support the proposition that the claimant is capable of working at medium
19 exertional work for a full eight-hour workday but then contradictorily adds, sans any supporting
20 rationale, that the claimant would be off-task an average of twenty-five percent of day." (A.R. 19,
21 citing A.R. 380-84). While Plaintiff's challenge is not directly aimed at these reports—but is
22 focused on the opinions in the Physical Medical Source Statement—inconsistency among some
23 of PA Brown's reports is a reasonable basis to question the evidentiary value of the Physical
24 Medical Source Statement, which shares similarities with the other reports. (*See* A.R. 380, 383,
25 385, 387 (both reports noting memory loss as a symptom and concluding that Plaintiff would be
26 off task twenty-five percent or more of a typical workday due to symptoms interfering with his
27 attention and concentration)).

28 As for inconsistency between PA Brown's opinions and other records, the ALJ correctly

pointed out that Plaintiff's unremarkable neurological evaluation and generally normally physical examinations did not support the degree of limitations assessed by PA Brown. (A.R. 19; *see*, *e.g.*, A.R. 324, 329, 333, 363, 365 (noting "[n]ormal motor, sensory, and mental status examination"); A.R. 462, 468 (noting "normal range of motion, normal strength, no tenderness, no swelling, no deformity and normal arches" in the lower extremities)). For example, it is not unreasonable to conclude that findings of adequate memory and concentration, as reflected in the results of a consultative examination, undermines PA Brown's limitations based in part on Plaintiff's alleged memory loss. (A.R. 349, 351 (noting that "remote memories were within normal limits" and no "weakness in memory functioning")).

Accordingly, the Court concludes that the ALJ's decision to deem PA Brown's opinions unpersuasive was supported by substantial evidence after consideration of the supportability and consistency factors.

**II.     CONCLUSION AND ORDER**

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:     **June 30, 2022**                              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE